UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| WHITNEY COOK, Individually and on<br>Behalf of All Other Similarly Situated | | PLAINTIFF |
| v. | No. 2:18-CV-02155 | |
| BEEMAC FOODS, LLC and BEN EPHIE | | DEFENDANTS |

## **OPINION AND ORDER**

Default judgment has been entered against Defendants, who have not appeared in this action. Before the Court are Plaintiff Whitney Cook's motion (Doc. 22) for costs and attorney's fees and brief (Doc. 23) in support. For the reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

Plaintiffs Whitney Cook and Cecilie Richardson filed their complaint on September 6, 2018, alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA") by failing to pay overtime wages as required by law. Defendants did not appear or respond to Plaintiff's complaint. Plaintiff Whitney Cook moved for a default judgment and Plaintiff Cecilie Richardson filed a Rule 41(a)(i)(A)(i) notice voluntarily dismissing her claims against the Defendants. Default judgment was entered for Cook on April 8, 2019 requiring Defendants jointly and severally to pay $2,664.00 in actual and liquidated damages to Whitney Cook. Plaintiff Whitney Cook then filed the instant motion seeking recovery of attorney's fees and costs under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 54(d).

**II.    DISCUSSION**

Cook seeks $5,872.50 in attorney's fees and $637.33 in costs. In support of her motion,

1

Cook submitted an itemized list of hours billed by her attorneys Allison Koile, Chris Burks, Daniel Ford, Josh Sanford, Joshua West, Lydia Hamlet, Rebecca Matlock, Stacy Gibson, Steve Rauls, Sean Short, Tess Bradford, and Vanessa Kinney[1]; and a declaration signed by Josh Sanford. (Docs. 22-1, 22-2). Plaintiff is entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). The issue here is whether the amounts claimed by Plaintiff are reasonable.

The starting point for determining a reasonable amount of attorney's fees is the time-based lodestar determination, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). In determining the lodestar, a court may consider such facts as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Id*. at 433. There is a strong presumption that the lodestar method yields a "reasonable" fee. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).

The billing records of Plaintiffs' counsel provided by Cook do not assist the Court in its lodestar determination. The records include four attorneys with varying hourly rates ranging from

---

[1] Only Josh Sanford and Lydia Hamlet are listed as counsel of record in this matter. In calculating her proposed attorney's fee award, Plaintiff states that her attorneys have written off the hours billed by Allison Kolie, Daniel Ford, Joshua West, Rebecca Matlock, Stacy Gibson, Steve Rauls, and Tess Bradford.

2

$325 for Mr. Sanford to $150 for Mr. Short. In addition, Plaintiff has provided an itemized billing sheet for the case and a table that demonstrates the total number of hours billed for the case and the reduced hours that are being used to calculate the proposed attorney's fee amount.

These billing records raise questions about the billing practices of the Sanford Law Firm. First, Cook had twelve attorneys work on her case. At most, this was a one-attorney case.[2] Even Plaintiff's reduced invoices reflect unreasonable billing. Four attorneys worked on a case that only required Cook to file a form complaint with minimal factual allegations unique to Cook's case, proof of service, and a motion for default judgment (Cook also filed an amended complaint substituting parties because the original complaint named the wrong Defendant as Cook's employer). This was not a complex case that required extensive research and discovery. One attorney could do the minimal work required to get Cook her $2,664.00 judgment. Second, deciding what hours billed from Cook's attorneys' itemized billing records were reasonable is impossible because Cook has not explained which hours were already reduced on the itemized billing records or which hours can be attributed to work done for Richardson (for whom Cook cannot recover fees). Excessive entries on the itemized billing records reflect intrafirm emails and conferencing between some of the twelve attorneys working on the case, which the Court suspects is done as a matter of standard practice at the Sanford Law Firm so that attorneys with higher

---

[2] These types of billing practices are not uncommon for the Sanford Law Firm in FLSA cases. In two recent cases in the Western District of Arkansas, the firm's suggested hours billed were reduced by the Court because of excessive intrafirm communication and overstaffing of cases. *Hays v. French Quarter Partners, LLC*, No. 6:15-cv-6065, 2016 WL 6518637, at *3 (W.D. Ark. Nov. 1, 2016); *Murdock v. McNair*, No. 5:17-cv-5225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018). Nor is this behavior limited to this district. *See*, e.g. *Davis v. Klenk*, No. 3:12-cv-115, 2012 WL 5818158, at *2 (E.D. Ark. Nov. 15, 2012). Rule 1.3 of the Arkansas Rules of Professional Conduct admonishes attorneys to "act with reasonable diligence and promptness in representing a client." These excessive intrafirm conferences and over staffed cases only serve the attorneys' invoices and take away from time that could be spent protecting the client's legal interests.

hourly rates can bill unwarranted time on cases where the substantive work is done by attorneys with lower hourly rates. The Sanford Law Firm invoices are useless to the Court's lodestar determination. Based on the Court's own knowledge, experience, and expertise of the time required to complete similar activities, a reasonable fee for an FLSA/AMWA case in the Fort Smith area is $250 per hour and the time reasonably spent on this action is 10 hours (which should have been limited to a client interview and the drafting and filing of pro forma documents). A reasonable attorney's fee award is $2,500.

Plaintiff's request of $637.33 in costs pursuant to 29 U.S.C. § 216(b) should also be reduced by $77.75. Because Plaintiff's counsel failed to name Cook's employer in the original complaint, Cook had to file an amended complaint and serve the new Defendant Beemac Foods, LLC with summons. Defendant's counsel should not be made to pay for an additional summons resulting from Plaintiff's counsel's error. A reasonable cost award is $559.58.

### III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion for attorney's fees and costs (Doc. 22) is GRANTED IN PART to the extent that Plaintiff is awarded attorney's fees in the amount of $2,500.00 and costs in the amount of $559.58.

IT IS SO ORDERED this 7th day of June, 2019.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE